(31 App. Div. 628.)

NEWMAN et al. v. SIMPSON.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

1. USURY—BURDEN OF PROOF.
    A party attacking a transaction as usurious has the burden of proof.
2. SAME—PRESUMPTION.
    A transaction attacked as usurious will, if the proofs are evenly balanced, and it be capable of being so construed, be regarded as done with an innocent rather than a corrupt design.

Appeal from special term.

Action by Samuel Newman and others against William Simpson. From a judgment for defendant, plaintiffs appeals. Affirmed.

The following is the opinion of the court below (BEEKMAN, J.):

The burden rested upon the plaintiff of showing by a preponderance of proof that the transaction complained of was corruptly made, with the intention on the part of the defendant of exacting a larger rate of interest than was permitted by the statute. It was entirely competent for the parties to enter into an arrangement for separate loans upon different articles, and such a transaction is not open to attack on the ground of usury, unless it is made to appear that it was merely colorable and a device to evade the statute. This, I think, the plaintiff has failed to show. Where a transaction may be open to two constructions, the court will prefer the one which imports an innocent purpose, rather than that which bespeaks a guilty one. Upon the whole evidence, as it seems to me, the most favorable view that could be taken for the plaintiff is that the proofs are evenly balanced; but even then there must be judgment against him, because of a lack of preponderance in his favor. Had the two loans been simultaneously made, each on all of the articles pawned, a different case would have been presented. It follows that there must be a judgment for the defendant, dismissing the complaint.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

A. F. Patrick, for appellants.
W. A. Hoy, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of BEEKMAN, J., in court below.

EDEN v. HARTT.

(Supreme Court, Appellate Term. December 13, 1898.)

1. JUDGMENT—RES JUDICATA.
    A complaint, to recover commissions as a broker, was dismissed in the justice court on the ground that the action had been prematurely brought. There were no written pleadings, and the indorsement of the justice stated nothing to show on what ground it was held that the action had been prematurely brought. Four months later a second action was brought. Held, that the judgment in the first action was not res judicata, since it did not of itself sustain the burden of showing that the second action had not been brought in a way to avoid the objection fatal on the first trial.
2. SAME.
    The burden of showing that a judgment in another action is res judicata is on the party so contending.